County Hospitals — Annuity Contracts — Insurance A board of Control of a County Hospital does not have any present statutory authorization enabling them to enter into a contract with an insurance company for the purpose of providing an annuity or pension plan for such hospital's employees. The Attorney General has had under consideration your request for an opinion wherein you refer to 19 O.S. 790.1 [19-790.1](b) (1969), and in effect ask: May a Board of Control of a County Hospital enter into a contract with an insurance company for the purpose of providing an annuity or pension plan for such hospital's employees? Title 19 O.S. 790.1 [19-790.1](b) (1969), provides in pertinent part: "The board of control shall in management of a county hospital: "8. have authority to procure and pay out of the county hospital fund premiums on any and all insurance policies required for the prudent management of the hospital, including but not limited to public liability, professional malpractice liability, workmen's compensation, and vehicle liability. Said insurance may include as additional insureds the board of control and employees of the hospital. . . ." (Emphasis added) In the case of Daniel et al. v. Life Insurance Company of Virginia, Tex. Civ. App., 102 S.W.2d 256, the court pointed out in the body of the opinion at page 260: ". . . The granting of annuities by corporations upon consideration paid is a more recent practice. It appears to have been engaged in first by insurance companies to which it is largely confined at the present day. It is essentially a form of investment, and uniformly held to be purely such, regardless of the fact that in its usual form payments are contingent upon continuity of the life of the grantee. In some forms of annuity, not even this contingency exists. The fact of the existence of such contingency is held not to bring it within the classification of insurance, which generally speaking, is indemnity for loss suffered from risk. . . ." See also: Words and Phrases, Volume 21A, Insurance, pages 605-607, for other cases making this same distinction. Since annuity contracts are not considered insurance as contemplated by the specific provisions of Section 19 O.S. 790.1 [19-790.1](b)8, some other statutory authorization must be found to enable the Board of Control of a County Hospital to enter into annuity contracts. Title 19 O.S. 790.1 [19-790.1] — 19 O.S. 794 [19-794] [19-794], are the specific provisions relating to the administration of County Hospitals and none of these sections authorize the entering into of annuity contracts. Pertinent here is the rule of law pronounced in Shaw v. Grumbine, 137, Okl. 95,278 P. 311, in the eleventh paragraph of the syllabus wherein the court said: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." In light of all of the foregoing, it is therefore the opinion of the Attorney General that your question must be answered in the negative. That is, a Board of Control of a County Hospital does not have any present statutory authorization enabling them to enter into a contract with an insurance company for the purpose of providing an annuity or pension plan for such hospital's employees. (John C. Howard)